Johnson, C. J., delivered the opinion of the court. The plaintiffs in error have raised several objections to the judgment and proceedings of the court below.' They contend, first, that the court erred, because they were not served with process, .or any notice, either actual or constructive, of the institution of the suit. Secondly, that there was no sufficient warrant of attorney filed, authorizing or empowering Henry Wilcox to confess the judgment: Thirdly, that the defendant in error did not file an affidavit in the circuit court or in the office of the clerk thereof, stating that the debt aforesaid was justly due, and that there was no fraud in the transaction previous to entering the confession; And Fourthly, that the declaration and the matters therein contained are not sufficient in law for the said Josiah Foster, as administrator as aforesaid, to have or maintain his aforesaid action thereof against him. We will now dispose of these objections in the order stated. In judgments by confession the law expressly dispenses with the necessity of any writ, either original or judicial. See Rev. St. Ark. chap. 116, sec. 118. The warrant of attorney copied into the transcript is in the usual form and regularly executed by the plaintiffs. But it is insisted that it is not sufficient in law, as it does not appear to have been marked filed by the clerk of the court. It is admitted that no endorsement of the filing appears in the transcript, yet the instrument is copied into the record, and expressly authorizes and empowers the attorney to do and perform the very identical act which he is shown to have done by the record itself. The plaintiffs do not pretend to deny the execution .of the instrument, but insist that it conferred no authority upon the attorney until it was actually filed, and so endorsed by the clerk. The statute already referred to, after curing almost every conceivable defect and imperfection in judgments by confession, provides further that no judgment by confession shall be reversed or impaired for any other default or negligence of any clerk or officer of the court, or of the parties, their counsellors or attornies, by which neither party shall have been prejudiced. The fact that the clerk has copied it into the transcript, and sent it into this court, shows conclusively,that it is in his possession and custody, and if so, it was his imperative duty to have marked it filed. It is clear then that it was the duty of the clerk, and he has neglected to per^ form it. The question now is, can it operate to the prejudice of either party in this suit ? We think not. The endorsement upon the back could neither add to, nor diminish from the validity of the deed itself. It was complete and perfect as the deed of the parties, and its legality or validity as such did not depend in the slightest degree upon the endorsement by the clerk. The affidavit filed by the plaintiff below is in strict accordance with the statute and it certainly could not be required to state upon its face that it was filed before the entry of the judgment, when it is apparent-upon inspection of the record, that such was the fact. The last assignment is that the'declaration is insufficient in law. We have-examined the declaration, and believe it to be substantially good,-, though it is wholly immaterial whether it will stand the test of strict and technical principles or not. In cases where judgments-are confessed, it is not essential that any declaration whatever should be filed. The statute does not require it. All that the party-has to do in taking judgment, is to show by his affidavit that there is no fraud or collusion between himself and the defendant. This requisite has been complied with. From a careful examination of all the points made in the cause, we are clearly of opinion that there is no error in the judgment of the circuit court. Judgment affirmed.